IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

PAUL ROBERT CLAREN,              )       CASE NO.  1:05CV0012
                                 )
            Plaintiff,           )
                                 )       JUDGE DONALD C. NUGENT
      v.                         )
                                 )
OHIO DEPARTMENT OF               )       MAGISTRATE JUDGE HEMANN
REHABILITATION AND               )
CORRECTION, *et al.*,            )
                                 )       **REPORT AND RECOMMENDATION**
            Defendants.          )       Docket #10

        This matter is before the magistrate judge on referral.  Before the court is the motion

of defendants Belmont Correctional Institution's ("BCI") Health Care Administrator ("HCA")

(John Doe #3), BCI's Dentist (John Doe #5), Grafton Correctional Institution's ("GCI") HCA

(John Doe #6), and GCI's Dentist (John Doe #7) to dismiss Claren's complaint pursuant to

R. 12(b)(6). Claren opposes the motion.  Because the parties rely on material outside of the

pleadings, the magistrate judge construes defendants' motion as one for summary judgment.

The parties were given notice of this action on August 1, 2005 and given 14 days in which to

supply any additional documents.  For the reasons set forth below, the magistrate judge

recommends that the court grant defendants' motion in full.[1]

I

In November 2001 Claren arrived at Lorain Correctional Institution ("LCI"), a prison evaluation and classification center.  On his first or second day at this institution, he was given a dental evaluation which revealed the need for dental work.  He was told he would receive a pass to see the dentist but was transferred to BCI before he obtained an appointment.

On March 20, 2002 the BCI dentist evaluated Claren and confirmed that he required dental work.  His name was placed on a waiting list of inmates.  In May 2002 Claren complained that he had been waiting one month to have a filling replaced in a tooth, a temporary filling having fallen out.  Plaintiff filed a grievance related to same in July 2002.  Six days later he received a response from the Inspector of Institutional Services at BCI notifying him that 1) he was on the waiting list to be seen to have his tooth filled and 2) if was experiencing pain, he could sign up for sick call to see the dentist.  There is no indication that he ever signed up for sick call.

Plaintiff filed another grievance on October 29, 2002.  The Inspector responded on November 26 notifying him that 1) the waiting list for the BCI dentist was seven months, 2) he agreed that eight and one-half months was too long, and 3) plaintiff was scheduled to be seen on December 5, 2002.  At that time the temporary filling was replaced.

Claren was subsequently transferred to GCI.  On September 11, 2003 plaintiff

---

[1]Plaintiff has moved to amend his complaint to add the names of the remaining defendants, who are currently identified as "John Does."  Dkt. # 26.  That motion is moot if the court adopts the Report and Recommendation.

submitted an informal complaint stating that he was being denied dental care, that he had submitted a number of "kites" that were being ignored, and that he needed to have a filling replaced.  He then filed a grievance on October 2 to the same effect.  The Inspector of Institutional Services at GCI responded on October 9 indicating that 1) the Dental Department had no "kites" from plaintiff, 2) the records indicated that plaintiff's dental work had been done, 3) plaintiff had been scheduled for the filling replacement, and 4) if plaintiff experienced pain, he could request a form to be seen in sick call.  Plaintiff received a medicated filling at GCI and on February 4, 2004 received a permanent filling.  On January 16, 2004 plaintiff submitted an informal complaint stating that he had not received any dental care since his dental problem had been identified at LCI in November 2001.  That statement is not correct based upon the information set forth above.

Plaintiff filed numerous "kites" throughout 2004 and into 2005 complaining about dental needs regarding various teeth.

On January 4, 2005 Claren filed a complaint in this court seeking damages pursuant to 42 U.S.C. § 1983 ("§ 1983") against multiple defendants.  Claren alleged that he did not receive proper dental care, was deprived of personal property without due process, and was falsely declared guilty of an infraction of prison rules.  Specifically, Claren claimed that the failure of the defendants adequately to care for his dental care needs, failure to provide treatment, and other negligent acts constitute deliberate indifference to his serious dental needs in violation of the Eighth Amendment of the United States Constitution.   He sought compensatory and punitive damages, a declaratory judgment, and injunctive relief.

On April 7, 2005 the district court issued a Memorandum of Opinion and Order (Docket

#4) dismissing all but Claren's Eighth Amendment claims for the denial of dental care against BCI's HCA, BCI's Dentist, GCI's HCA, and GCI's Dentist.  Defendants now move to dismiss Claren's complaint pursuant to R. 12(b)(6).  As stated above, the magistrate judge has converted the motion to one for summary judgment.

## II  Standard of review

Summary judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U. S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp,* 475 U.S. 574 (1986).  The moving party must demonstrate to the court through reference to pleadings and discovery responses the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. at 323.  In this way summary judgment can be used to dispose of claims and defenses which are factually unsupported.  *Id.* at 324.  The burden on the nonmoving party is to show, through the use of evidentiary materials, the existence of a material fact which must be tried.  *Id.* The court's inquiry at the summary judgment stage is "the threshold inquiry of determining whether there is the need for a trial -  whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 250.  The court's treatment of facts and inferences in a light favorable to the nonmoving party does not relieve that party of its obligation "to go beyond the pleadings" to oppose an otherwise properly supported motion for summary judgment under Rule 56(e).  *See Celotex Corp. v. Catrett*, 477 U.S. at

4

324.  The nonmoving party must oppose a proper summary judgment motion "by any of the kinds of evidentiary material listed in Rule 56(c), except the mere pleadings themselves. . . ." *Id.*  A scintilla of evidence in favor of the nonmoving party is not sufficient.  The issue which the court must determine is whether there is evidence on which a jury could reasonably find for the nonmoving party.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).

III

### A.  Exhaustion of Administrative Remedies

Defendants initially argued that Claren failed properly to exhaust his claims.  In his opposition to defendants' motion, Claren produced documents showing that he pursued his internal administrative procedures.  Defendants acknowledge that he has exhausted his claims and no longer seek dismissal on that ground.[2]

### B.  Eighth Amendment Violation

**(1) BCI and GCI Dentists.**  In opposing defendants' motion, plaintiff argues that he was denied prompt dental care.  He does not argue that the dental care he received was inadequate. Based on that argument, defendants move to dismiss this action against the BCI and GCI dentists.  The court agrees that defendants claims focus entirely on the alleged dilatoriness of prison officials in addressing plaintiff's dental needs and not on the quality of dental care received by plaintiff.  Therefore, the magistrate judge recommends that all claims be dismissed against the BCI and GCI dentists because plaintiff has not alleged any violation of law against them.

_____

[2]Alternatively the claims against the dentists should be dismissed for the reasons set forth *infra*.

**(2) BCI and GCI Health Care Administrators.**  Claren claims that defendants violated his Eighth Amendment rights in denying him timely dental care.  Section 1983 enables individuals to "interpose the federal courts between the States and the people, as guardians of the people's federal rights--to protect the people from unconstitutional action under color of state law." *Mitchum v. Foster*, 407 U.S. 225, 242 (1972).  A plaintiff must establish two elements to state a claim under § 1983.  First, the offending conduct must have been committed by a person acting under color of state law.  Second, the offending conduct must have deprived plaintiff of a right protected by the federal constitution or arising under federal law.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Liability may be imposed pursuant to § 1983 upon officials personally involved in an infringement upon a right protected by federal statute or the constitution.  *Searcy v. City of Dayton,* 38 F.3d 282, 287 (6th Cir. 1994).  Defendants here have not raised the defense of qualified immunity.  Instead they argue that no constitutional violation occurred.

The Eighth Amendment proscribes cruel and unusual punishment, including "unnecessary and wanton infliction of pain" or acts "repugnant to the conscience of mankind." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  In a medical context,

> [i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

*Id.* at 105-06.  "[D]eliberate indifference describes a state of mind more blameworthy than negligence [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

6

There are two components to medical deprivations which violate the Eighth Amendment:  the deprivation must inflict *serious* injury and the deprivation must result from officials acting *with a culpable state of mind*. *Hudson v. McMillian*, 503 U.S. 1, 20 (1992) (emphasis added).  According to the Supreme Court,

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837.  Thus, the court must consider whether defendants (1) were aware of facts from which they could have drawn the inference that a substantial risk of harm existed; (2) actually drew the inference that such a risk of harm existed; and (3) acted or failed to act in disregard of that risk.  There are objective and subjective components to the claim.  Initially plaintiff must show, at an objective level, that there existed a substantial risk of harm as a result of official action.  *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001).

The first question then is whether there is any evidence that a substantial risk of harm existed from a delay in the treatment of plaintiff's alleged dental problems.  In his opposition brief plaintiff contends that he was in pain due to lack of treatment.  That is insufficient under Sixth Circuit law.  In *Napier* plaintiff was arrested and jailed for a period of 29 hours.  He notified officers at the time of his arrest that he was in complete kidney failure, needed dialysis three times a week, but had skipped his appointments in the past.  Plaintiff was not taken to dialysis while incarcerated and missed one appointment.  Adopting the approach of three other circuits, the court held that "'an inmate who complains that delay in medical treatment

rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medial treatment to succeed.'" *Napier*, 238 F.3d at 742, *quoting Hill v. Dekalb Reg'l Youth Detention Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994).

Plaintiff has not submitted any medical evidence of a detrimental effect stemming from the delay in dental treatment.  Thus under *Napier* his claim cannot succeed.

Therefore, the magistrate judge recommends that the court find there was no violation of plaintiff's Eighth Amendment rights and grant summary judgment to the

defendants.

Dated: August 16, 2005                    s:\Patricia A. Hemann
                                          Patricia A. Hemann
                                          United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied,* 474 U.S. 1111 (1986).