IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL ROBERT CLAREN, | ) | CASE NO. 1:05 CV 0012 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, et al., | ) | Magistrate Judge Patricia A. Hemann |
| Defendants. | ) | MEMORANDUM OPINION |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Patricia A. Hemann (Document #16) recommending that the Court grant the Motion to Dismiss filed by Defendants Belmont Correctional Institution's ("BCI") Health Care Administrator ("HCA"), BCI's Dentist, Grafton Correctional Institution's ("GCI") HCA, and GCI's Dentist (Document #10). In their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Defendants argue that Plaintiff failed to attach proof of exhaustion of his administrative remedies on the sole remaining claim in this case; and, that Plaintiff's allegations in support of his claim of deliberate indifference fail to state a cause of action upon which relief may be granted under the Eighth Amendment. Because the Parties relied upon material outside the pleadings, the

Magistrate Judge construed Defendants' Motion as one for summary judgment pursuant to Fed. Rule Civ. P. 56. The Parties were given notice and given 14 days within which to supply any additional documents.

In the Report and Recommendation, the Magistrate Judge noted that Defendants no longer seek dismissal on the basis that Plaintiff failed to exhaust his administrative remedies, as Plaintiff produced documents showing that he pursued his internal administrative procedures. However, the Magistrate Judge determined that there was no violation of Plaintiff's Eighth Amendment rights and that Defendants were, therefore, entitled to summary judgment. No objections were filed to the Report and Recommendation. The Report and Recommendation (Document #16) is ADOPTED by this Court.

## Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a

district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." Notwithstanding the foregoing, the Court has reviewed the Report and Recommendation of the instant case *de novo*. *See Delgado v. Bowen*, 782 F.2d 79 (7th Cir. 1986).

The Court has reviewed the Report and Recommendation and finds it to be well-reasoned and correct. The Court agrees with, and adopts, findings and conclusions of Magistrate Judge Hemann as its own. No genuine issue of material fact remains and Defendants are entitled to judgment as a matter of law. The Court here by ADOPTS the Report and Recommendation of Magistrate Judge Hemann (Document #16) in its entirety. Accordingly, for the reasons stated in the Report and Recommendation (Document #16), the Motion to Dismiss filed by Defendants (Document #10), which the Magistrate Judge properly construed as a motion for summary judgment, is GRANTED.

Further, Plaintiff has moved to amend his Complaint to add the names of the remaining Defendants. (Document #12). As this Court hereby adopts the Report and Recommendation of the Magistrate Judge, granting summary judgment in favor of Defendants, Plaintiff's Motion to Amend the Complaint (Document #12) is hereby moot.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: September 6, 2005